# EXHIBIT 4

# BARCLAY DAMON LLP

**Charles J. Nerko**
*Partner*

May 28, 2025

**VIA OVERNIGHT DELIVERY AND EMAIL**

Fiserv Solutions, Inc. a/k/a Fiserv Solutions, LLC & Fiserv, Inc.
600 N. Vel R. Phillips Ave.
Milwaukee, WI 53203
Attn:   Adam Rosman
        Chief Administrative Officer & Chief Legal Officer

    Re:   Cencap Federal Credit Union
          Notice of Breach & Intent to Seek Temporary Restraining Order

Dear Mr. Rosman:

   We are litigation counsel to Cencap Federal Credit Union (the "Cencap Federal") in connection with its claims against Fiserv Solutions, Inc. a/k/a Fiserv Solutions, LLC ("Fiserv Solutions") and its affiliates, including Fiserv, Inc. (collectively, "Fiserv").

   While our client's investigation is ongoing, we understand that Fiserv is storing Cencap Federal's confidential information on the insecure Virtual Branch website and Client360 portal. These websites lack proper authentication and security controls to prevent unauthorized disclosure of confidential information. Virtual Branch does not require multi-factor authentication for new account enrollment, and the Client360 portal, used by credit union employees to make support requests and administrative changes to the core banking system, also lacks this security control.

   The Federal Financial Institutions Examination Council deems the single-factor authentication process used by Fiserv inadequate for safeguarding Cencap Federal's high-risk transactions and confidential information. *See* Federal Financial Institutions Examination Council, "Authentication and Access to Financial Institution Services and Systems," at 6 https://www.ffiec.gov/press/pdf/Authentication-and-Access-to-Financial-Institution-Services-and-Systems.pdf ("Attacks against systems and users protected with single-factor authentication often lead to unauthorized access resulting in data theft or destruction, adverse impacts from ransomware, customer account fraud, and identity theft. Accordingly, use of single-factor authentication as the only control mechanism has shown to be inadequate against these threats.").

   Other federal guidance confirms that the authentication process used by Fiserv is a "low security method of authentication" that "provides attackers an easy way to gain access to the system." *See* U.S. Cybersecurity & Infrastructure Security Agency (CISA), "Capacity Enhancement Guide: Implementing Strong Authentication" at 2 https://www.cisa.gov/sites/default/files/publications/CISA_CEG_Implementing_Strong_Authent

1270 Avenue of the Americas - Suite 501 - New York, New York 10020 barclaydamon.com
cnerko@barclaydamon.com Direct: (212) 784-5807 Fax: (212) 784-5778

31413065

May 28, 2025
Page 2

ication_508_1.pdf (noting a study of multi-factor authentication found that it "blocked 100 percent of automated bots, 99 percent of bulk phishing attacks, and 66 percent of targeted attacks").

These security deficiencies not only violate widely accepted federal standards, but also constitute material breaches of Fiserv's contractual and other obligations to Cencap Federal. As a result, Cencap Federal asserts the following claims:

1. Fiserv Solutions breached Section 3(b) of the Master Agreement by failing to prevent unauthorized disclosure of Information under the standards set forth in the Master Agreement.

2. Fiserv Solutions breached Section 4(a) of the Master Agreement, which required Fiserv Solutions to implement and maintain an information security program that, among other things, protected the security and confidentiality of Cencap Federal's member information.

3. Fiserv Solutions breached Section 6(a) of the Master Agreement, under which Fiserv Solutions warranted that "it complies with all laws and regulations directly and unambiguously applicable to Fiserv in the performance of its obligations as a technology solutions provider under this Agreement." Fiserv did not comply with all such requirements.

4. Fiserv Solutions breached the service warranties in Section 3(e) of the ASP Services Exhibit to the Master Agreement, including the warranties of conformity to specifications and due care.

5. Fiserv Solutions violated the Virtual Branch Services Schedule to the ASP Services Exhibit by failing to implement multi-factor authentication services contracted by Cencap Federal.

6. Fiserv Solutions violated N.Y. General Obligations Law § 5-903 by purporting to effectuate an automatic renewal of the Master Agreement without providing the required personal or certified mail notice to Cencap Federal beforehand.

7. Fiserv violated Section 6 of the Fiserv Privacy Notice by failing to implement appropriate security measures to prevent unauthorized access, use, and disclosure of personal data.

8. Fiserv Solutions violated the implied covenant of good faith and fair dealing by, among other things, failing to provide necessary and commercially reasonable security for a federally regulated credit union, and exposing Cencap Federal to far greater harm beyond what was bargained for and well outside commercially reasonable norms.

May 28, 2025
Page 3

The foregoing constitutes material breaches of Fiserv's obligations that are incapable of a cure. Accordingly, Cencap Federal provides notice of its intention to terminate the Master Agreement.

Cencap Federal demands that Fiserv immediately remediate these security problems and properly safeguard Cencap Federal's information, cooperate with Cencap Federal in investigating the security breaches, fully compensate Cencap Federal for all damages and its attorneys' fees, and cooperate in returning Cencap Federal's information in a reasonably usable form and in effectuating the orderly termination of the Master Agreement and transition of services to Cencap Federal's successor vendor.

Cencap Federal also demands that Fiserv produce all records required to be produced under the Master Agreement, including Sections 4(d), 10(b) and ASP Services Exhibit to the Master Agreement Sections 3(d), 3(f), and 5(c). In accordance with 12 C.F.R. Part 748, Appendix A, Cencap Federal further demands that Fiserv provide audits, summaries of test results, and other equivalent evaluations of Fiserv's security. The requested records to be produced must include logs and forensic reports of access to new account enrollments on Virtual Branch and logins to the Client360 portal, including those identifying any specific Cencap Federal members or employees whose accounts or information were placed at risk of compromise.

**If Fiserv does not agree to a consent injunction by May 30, 2025 confirming that it will comply with these demands, Cencap Federal will seek a temporary restraining order and preliminary injunction at the U.S. District Court for the District of Connecticut to prevent irreparable harm to the credit union and its members, and without further notice to Fiserv.** We further request that Fiserv notify us before changing or modifying any systems or their availability.

## Preservation Notice

Circumstances have arisen that may foreseeably give rise to legal claims being asserted against Fiserv. As a result, Fiserv must preserve all documents, things, and electronically stored information that may be potentially relevant. In addition, Fiserv must take reasonable steps to preserve all documents, things, and electronically stored information that are not in Fiserv's possession or custody, but are in Fiserv's control, such as materials in the possession of its affiliates and subcontractors.

Without limitation, the following items require preservation:

1. The relationship between Cencap Federal and Fiserv.

2. Security vulnerabilities and data security incidents at Fiserv.

3. Fiserv's security controls and any related testing of those controls.

31413065

May 28, 2025
Page 4

    4. Fiserv's information security, backup, disaster recovery, and business continuity plans and policies.

    5. Complaints and government investigations regarding Fiserv.

    6. All audits and assessments of Fiserv's security, including any gaps and remediation recommendations.

    7. All decisions to upgrade or not upgrade Fiserv's security controls.

    8. All system event logs for Cencap Federal's access to the Virtual Branch and Client360 portal; and any server level monitoring of activity on said websites.

    9. Any applicable insurance coverage, including applications for insurance where Fiserv disclosed information pertaining to its security policies and practices.

    To ensure proper preservation, take all necessary steps to ensure that the materials are preserved intact and without modification. For example, you should: (a) suspend your data destruction and backup tape recycling policies; (b) retain software, hardware, information, or other things required to access or view the materials (e.g., identification codes, passwords, access codes, decryption applications, decompression software, reconstruction software, manuals, and user instructions); (c) take special action to preserve archived or deleted ESI, ESI stored in databases, computer or network logs, and metadata (e.g., a file's creation date, access date, and author); and (d) implement a legal hold and issue legal hold notices to individuals with potentially relevant materials to advise them of their obligations. If preserving these materials is unreasonable, overly burdensome, or unfeasible, take immediate steps to preserve them and contact us promptly to evaluate alternative measures.

    If any potentially relevant materials are in another individual or entity's possession, custody, or control, we request that you secure the preservation of such materials, or alternatively, contact us to discuss how we may work together to secure the other individual or entity's cooperation.

    By sending you this letter, our client is not currently taking any position as to whether the materials we have requested you preserve or furnish would be deemed in our client's possession, custody, or control. Our client requests you cooperate by preserving and furnishing the requested materials, even if they are not in our client's possession, custody, or control.

    These preservation obligations apply until the relevant materials are returned to or produced to our client, and this preservation notice should not be construed to authorize further retention of our client's materials.

    Your obligation to preserve potentially relevant materials is mandated by law, not merely

May 28, 2025
Page 5

by this letter. Therefore, your duties extend beyond the instructions in this letter. If you fail to preserve materials as required by law, you may be subject to sanctions for spoliation of evidence. Our client will rely on this letter in Court as notice of your preservation obligations.

## **Reservation of Rights**

This notice, along with any action taken in connection with it, is without prejudice to any of Cencap Federal's, or any other affected party's, rights, powers, privileges, remedies, and defenses, whether currently existing or arising in the future. All such rights and remedies are expressly reserved, including the right to terminate, rescind, or challenge any agreement.

No actions taken by Cencap Federal or other affected parties, including ongoing payments or temporary use of services, imply consent, acceptance, ratification, or waive any legal rights or claims. Ongoing payments and temporary use of services are involuntary and dictated by the absence of practical alternatives because Fiserv still controls Cencap Federal's systems and has custody of information required for Cencap Federal to function.

Cencap Federal further provides notice that no individual is authorized to bind the credit union to any obligation or waiver involving Fiserv unless the proposed terms are first submitted to the undersigned counsel and subsequently executed in physical, nonelectronic form by the credit union's Chief Executive Officer.

\*   \*   \*   \*   \*

While we are authorized to take all appropriate actions to zealously protect Cencap Federal's interests, we hope that this matter can be amicably resolved. Please direct further communications to me and my colleagues Brian Rich, Matt Smith, and Xun Chen at cnerko@barclaydamon.com, brich@barclaydamon.com, msmith@barclaydamon.com, and xchen@barclaydamon.com.

We look forward to your prompt response on these significant issues.

Very truly yours,

*/s/ Charles J. Nerko*

Charles J. Nerko

31413065