UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENCAP FEDERAL CREDIT UNION, on behalf of itself and its members,<br><br>         *Plaintiff,*<br><br>-against-<br><br>FISERV SOLUTIONS, LLC f/k/a FISERV SOLUTIONS, INC. and FISERV, INC.<br><br>         *Defendants.* | Case No.: 3:25-cv-00913-VOD |

## [PROPOSED] ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY

Upon the filing of the Complaint and Demand for Jury Trial, dated June 5, 2025, the exhibits annexed thereto, the application of Plaintiff Cencap Federal Credit Union ("Cencap Federal") for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery pursuant to Rule 65 of the Federal Rules of Civil Procedure, and upon the supporting Memorandum of Law, Declarations, and Exhibits submitted therewith, it is hereby:

ORDERED, that Defendants Fiserv Solutions, LLC a/k/a Fiserv Solutions, Inc. and Fiserv, Inc. (collectively, "Fiserv") show cause before this Court, at Courtroom ____, United States Courthouse, District of Connecticut, 450 Main Street, Hartford, CT 06103, on June __, 2025, at ____ o'clock in the __.m., or as soon thereafter as counsel may be heard, why an Order should not be entered directing Fiserv to forthwith implement multi-factor authentication for all administrator and user access to the Virtual Branch and Client 360 portals used by Cencap Federal Credit Union.

IT IS FURTHER ORDERED, that Fiserv shall provide the following discovery on an expedited basis, without prejudice to a renewed deposition in the normal course of discovery:

31354405

1. An interrogatory response identifying the security controls in place over Cencap Federal's online banking website and Client360 portal, how they changed over time, and which Cencap Federal employees and members had their accounts compromised.

2. Access logs and audit reports of the systems used to store Cencap Federal's information.

3. An interrogatory response explaining (a) the care and discretion Fiserv uses to prevent unauthorized disclosure of its own information that it does not wish disclosed and (b) the categories of Fiserv's own information it protects with multi-factor authentication.

4. A 30(b)(6) deposition of a Fiserv corporate representative on the subjects raised by this motion.

5. To the extent Fiserv's opposition raises disputed issues of fact, any other discovery reasonably necessary to resolve those issues.

IT IS FURTHER ORDERED that, sufficient reason having been shown therefor, pending the hearing and determination of Cencap Federal's application for a preliminary injunction, Fiserv is temporarily restrained from storing Cencap Federal's Information on any internet accessible system without multi-factor authentication.

ORDERED that, in accordance with FRCP 65(d)(2), this order binds Fiserv and their officers, agents, servants, employees, and attorneys and all other persons or entities in active concert or participation with any of the foregoing persons or entities at any relevant time who receive actual notice of this Order or by personal service or otherwise.

ORDERED that Fiserv shall forthwith provide a copy of this Order to all of its officers, agents, servants, employees, and attorneys and all other persons or entities in active concert or participation with any of the foregoing persons or entities at any relevant time who have possession, custody, or control of Cencap Federal's Information.

ORDERED, that for purposes of this Order, "Cencap Federal's Information" is deemed to include (a) personally identifiable financial information; (b) any list, description, or other grouping

of consumers (and publicly available information pertaining to them) that is derived using any personally identifiable financial information that is not publicly available; (c) any documents or information, whether in paper, electronic, or other form that is maintained by or on behalf of plaintiff, or in connection with Fiserv's provision of services to plaintiff; (d) member information required to be kept confidential under 12 C.F.R. Part 748; and (e) "Client Information" as defined in the Master Agreement between plaintiff and defendant Fiserv Solutions, LLC.

IT IS FURTHER ORDERED, that service of a copy of this Order to Show Cause, together with the papers upon which it is based, be made upon Fiserv or counsel for Fiserv by email on or before _____, 2025, which shall be deemed good and sufficient service.

IT IS FURTHER ORDERED, that answering affidavits, if any, must be served by electronic filing on or before _____, 2025, which shall be deemed good and sufficient service.

IT IS FURTHER ORDERED, that reply affidavits, if any, must be served by electronic filing on or before _____, 2025, which shall be deemed good and sufficient service.

SO ORDERED

_____
Hon. Vernon D. Oliver
United States District Judge

31354405