UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENCAP FEDERAL CREDIT UNION,<br><br>  Plaintiff,<br><br>v.<br><br>FISERV SOLUTIONS, LLC f/k/a<br>FISERV SOLUTIONS, INC. and<br>FISERV, INC.,<br>  Defendants. | Case No. 3:25-CV-00913-VDO |

### DEFENDANTS' MOTION FOR A BRIEFIENG SCHEDULE ON PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY

Defendants Fiserv Solutions, LLC and Fiserv, Inc. (collectively "Fiserv"[1]), by their undersigned counsel, Carmody Torrance Sandak & Hennessey LLP and Foley & Lardner LLP, move the Court pursuant to Fed. R. Civ. P. 6, Fed. R. Civ. P. 7, and L.R. 7 for entry of a briefing schedule with request to Plaintiff's Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery ("TRO Motion"), permitting Fiserv to file its opposition materials on **June 13, 2025**.  In support of this Motion, Fiserv states as follows:

1. Plaintiff provided a courtesy copy of its TRO Motion to Fiserv's counsel this past Friday afternoon at 5:41 p.m. Eastern.  In support of the TRO Motion, plaintiff filed a 13-page declaration from its CEO (Mr. Festini), a 12-page declaration from Brendan Mulvey, who is offered as an "expert," a declaration of plaintiff's counsel with voluminous exhibits, and a 29-page

---

[1] Fiserv, Inc. is the parent company of Fiserv Solutions, LLC and has no contractual relationship with plaintiff. Fiserv, Inc. is not a proper defendant in this action and reserves all rights to seek appropriate relief dismissing it from this case.

brief. Plaintiff also filed a proposed order seeking a mandatory injunction compelling Fiserv to "implement multi-factor authentication for all administrator and user access to the Virtual Branch and Client360 portals used by Cencap Federal Credit Union," "restraining Fiserv from storing Cencap Federal's Information on any internet accessible systems without multi-factor authentication," and compelling Fiserv to submit to broad, enterprise-wide discovery on an expedited basis. Plaintiff's proposed order expressly contemplates that the Court will enter a briefing schedule and dates for a response by Fiserv, as well as a reply by plaintiff, but neither requests nor suggests an appropriate schedule.

2. After reviewing plaintiff's filing on Friday evening and early Saturday morning, counsel for Fiserv proposed a briefing schedule to plaintiff. Given the substance and volume of plaintiff's materials (including the declaration of a proffered technical expert) and the fact that the data security and other technical issues raised by the TRO Motion fairly require the attention, input, and likely declarations of Fiserv's subject matter experts, some of whom were not readily and fully available over the weekend, Fiserv's counsel requested (at 11:13 a.m.) on Saturday morning that plaintiff agree that Fiserv would have 5 business days (until June 13) to file its response:

> We received your motion and supporting materials late yesterday afternoon but have conducted an initial review. Cencap has obviously been working on its motion for some time. Given the number of declarations and the length of your brief, we request that Cencap agree that Fiserv may file and serve its opposition materials on June 13 (Friday). We are open to when Cencap would like to file its reply, assuming that we can work cooperatively on scheduling a hearing thereafter, as I have travel scheduled for the week of June 16.

(June 7, 2025 A. Wronski Email to C. Nerko and B. Rich.) Fiserv's counsel requested a prompt response and made clear Fiserv's intent to request a briefing schedule from the Court if the parties could not reach agreement.

3. Plaintiff's counsel did not respond until Sunday morning, declining to agree to Fiserv's proposed schedule and again choosing not to propose a schedule of its own. The entirety of the response reads:

> Given the ongoing and urgent security problem and the extremely limited injunction sought (i.e., activation of a single security feature required by federal regulations and that Cencap has specifically paid Fiserv to activate), Cencap Federal is unable to agree to the proposed briefing schedule.

(June 8, 2025 C. Nerko email to A. Wronski.)

4. Fiserv will not address the merits of the TRO Motion here, other than to say Fiserv disagrees with plaintiff's allegations. That said, the mandatory injunction and broad discovery that plaintiff requests are not "extremely limited;" rather, they raise complex, technical issues that Fiserv should have a fair opportunity to address.[2]

5. With respect to the asserted "urgency," plaintiff's approach to this dispute flatly contradicts plaintiff's claim that urgent or emergency circumstances exist. Specifically:

    a. Plaintiff has been using Fiserv's Virtual Branch product since **2016**. Plaintiff has used the Virtual Branch enrollment feature for years and has been well aware of the security protocols that the product has and does not have. Nothing in the TRO Motion or plaintiff's declarations points to any precipitating incident or event with Virtual Branch enrollment that suddenly made plaintiff aware of these features. Put simply, there is nothing "new" here. The

---

[2] For example, plaintiff's extremely broad definition of "Cencap Federal's Information" in the proposed Order on the TRO Motion includes (a) personally identifiable financial information; (b) any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any personally identifiable financial information that is not publicly available; (c) any documents or information, whether in paper, electronic, or other form that is maintained by or on behalf of plaintiff, or in connection with Fiserv's provision of services to plaintiff; (d) member information required to be kept confidential under 12 C.F.R. Part 748; and (e) "Client Information" as defined in the Master Agreement between plaintiff and defendant Fiserv Solutions, LLC." Dkt. No. 3, Attachment 1. This definition belies plaintiff's assertion that the request it seeks is simple or limited in scope.

current version of Virtual Branch enrollment has been the parties' "status quo" for years. The same is true for the Client 360 product.

  b. Indeed, during the more than nine years of the parties' relationship, plaintiff has not once reported a data breach, data security incident, data security concern or customer complaint about data security with respect to Virtual Branch enrollment or Client 360. And, as the TRO Motion makes clear, nothing "happened" recently to change that status quo.[3]

  c. Even though the parties' Master Agreement contains a mandatory dispute resolution process (Paragraph 9), *see* Dkt. No. 1, Ex. 2, neither Mr. Festini nor any other of plaintiff's employees ever expressed concerns about the security of Virtual Branch enrollment or Client 360. The first time that plaintiff raised this issue was in the May 28, 2025 demand letter from plaintiff's counsel. (Dkt. No. 1, Compl., Ex. 4.) That letter (which Fiserv received on May 29) did not invite a business or technical discussion about these issues or how to resolve them. Instead, it announced that Fiserv was in material breach, that plaintiff intended to terminate the Master Agreement, and that plaintiff would seek an injunction if Fiserv did not agree to a "consent injunction" complying with all the "demands" in that letter by the very next day (May 30). That threat (and the TRO motion) is how plaintiff's counsel avoids the parties' dispute resolution process, which has an exception for injunctive relief.

  d. Fiserv responded to the demand letter on May 30 (Dkt. No. 1, Compl., Ex. 5). In addition to that response, Fiserv's counsel (Mr. Wronski) emailed plaintiff's counsel (Mr. Nerko and Mr. Rich) the following Monday (June 2) afternoon with an interim proposal to avoid unnecessary injunction proceedings and move forward with the parties' dispute resolution process

---

[3] As Fiserv will address in its opposition to the TRO Motion, what "happened" is that plaintiff decided that it wanted to walk away from its agreement with Fiserv and needed to manufacture "material breach" to terminate the agreement early, a script that plaintiff's counsel has followed in multiple cases against Fiserv.

on other contractual and monetary issues. Plaintiff did not respond to that proposal (more on that below) until June 6.

   e. Plaintiff filed its complaint on June 5, 2025, more than a week after its demand letter. As of the time of this motion, Fiserv has not been served. In response to a request from plaintiff to accept service, Fiserv proposed to waive service in accordance with Federal Rule of Civil Procedure 4(d) if the parties could work together and agree on a briefing schedule for the TRO Motion, which has not occurred.

   f. Only after plaintiff emailed courtesy copies of its TRO Motion to Fiserv's counsel late in the afternoon on June 6, did plaintiff's counsel respond to the interim proposal that Fiserv's counsel made on June 2, rejecting it and suggesting no alternative. Of course, by that time, plaintiff had already filed the TRO Motion.

   g. The TRO Motion is supported by three declarations, including a purported "expert," whose report does not disclose when he was retained but whose work on this matter, based on the length and content of his declaration and the work described therein, must have begun some time ago. Plaintiff did not prepare the TRO Motion, these declarations and a 29-page brief (on top of a 48-page, 184-paragraph complaint), the night before they were filed.

 6. This is not, therefore, the prototypical "TRO case" in which a sudden and unexpected event occurs that imminently threatens serious and irreparable injury to a party, leaving it with no option but to seek an emergency TRO and limit the opponent's time to respond.

 7. Rather, it appears that plaintiff has been preparing for some time to ambush Fiserv with a full-blown submission, akin to a motion for a preliminary injunction, not an emergency TRO, with the goal of depriving Fiserv of a full and meaningful opportunity to respond. Fiserv immediately and diligently committed significant time, energy, and resources to reviewing,

investigating and responding to the TRO Motion starting late Friday afternoon, but requires additional time to prepare and present its opposition to the Court.

8. Fiserv's request for five business days to respond, which likely represents a fraction of the time plaintiff has spent preparing its TRO Motion and supporting materials, is made in good faith and not for the purposes of delay. Rather, Fiserv seeks only a full and fair opportunity – reasonably comparable to that plaintiff has had – to present its position before the Court considers whether to grant the extraordinary injunctive relief that plaintiff requests. In light of the time plaintiff itself took to plan, prepare, and advance its TRO Motion, plaintiff cannot now contend that Fiserv's request will cause prejudice.

9. For these reasons, Fiserv respectfully requests that the Court enter an order permitting Fiserv to submit a response to the TRO Motion on June 13, 2025.

Dated: June 9, 2025

Respectfully submitted,

/s/ Todd R. Michaelis (ct28821)
Todd R. Michaelis, Esq. (ct28821)
Carmody Torrance Sandak & Hennessey LLP
50 Leavenworth Street
Waterbury, CT 06721-1110
Telephone: 203-573-1200
Fax: 203-575-2600
tmichaelis@carmodylaw.com

Andrew J. Wronski WI Bar No. 1024029
Max B. Chester WI Bar No. 1037717
Timothy J. Patterson WI Bar No. 1087996
Jesse L. Byam-Katzman WI Bar No. 1099929
*(pro hac vice applications forthcoming)*
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: 414-271-2400
Fax: 414-297-4900

AWronski@foley.com
MChester@foley.com
TJPatterson@foley.com
JByam-Katzman@foley.com


*Attorneys for Defendants
Fiserv Solutions, LLC f/k/a Fiserv Solutions,
Inc. and Fiserv, Inc.*

{W3682454;2}　　　　　　　　　　7

## CERTIFICATE OF SERVICE

I hereby certify that, on June 9, 2025, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM-ECF System.

<u>/s/ Todd R. Michaelis (ct28821)</u>