UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENCAP FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>FISERV SOLUTIONS, LLC f/k/a FISERV SOLUTIONS, INC. and FISERV, INC.,<br><br>Defendants. | Case No. 3:25-CV-00913-VDO |

**SUPPLEMENTAL DECLARATION OF DEBBIE DENNIS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY**

I, Debbie Dennis, hereby state as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am over 18 years of age, an adult resident of Texas, and am competent to testify as to all matters set forth in this Declaration.

2. I am a Vice President for Transition Platforms at Fiserv Solutions, LLC ("Fiserv"), and I have worked for Fiserv in virtual banking solutions since 1993. My responsibilities include overseeing and managing Fiserv's Virtual Branch online banking platform, which, in its current form, is referred to as Virtual Branch Next ("Virtual Branch"). I oversee the Virtual Branch platform for all Fiserv's financial institution clients including credit unions, like Plaintiff Cencap Federal Credit Union ("Cencap") and Portland Local No. 8 Federal Credit Union ("Portland FCU").

3. Cencap uses Fiserv's Virtual Branch platform in conjunction with Fiserv's CUSA core processing system.

4. Portland FCU uses Fiserv's Virtual Branch platform in conjunction with a different Fiserv core processing system called Portico.

5. As detailed in my June 12, 2025, declaration, the manner in which Virtual Branch communicates with the core processing system, and the requirements that Virtual Branch has in place for a credit union member's enrollment in or access to Virtual Branch, vary depending on the core processing system the credit union receives. These differences exist between the CUSA core processing system that Cencap uses, and the Portico core processing system that Portland FCU uses.

6. Unlike the CUSA core processing system, the Portico core processing system currently supports multi-factor authentication for Virtual Branch enrollment with a separate, one-time verification code. This feature became available in April 2025 for all Portico core processing system credit union clients, including Portland FCU. This is true for enrollments attempted both from a computer and from a mobile device like an iPhone or Android phone.

7. In August 2024, Portland FCU submitted an inquiry to Fiserv's service team about a potentially fraudulent Virtual Branch enrollment with respect to a single member's account at Portland FCU.

8. To my knowledge, that inquiry was resolved to Portland FCU's satisfaction shortly after it was submitted and the service inquiry was subsequently "closed" on Fiserv's service ticket system.

9. Fiserv did not implement the one-time verification code process or any other multi-factor authentication process on Portland FCU's Virtual Branch enrollment in response to

this August 2024 inquiry because multi-factor authentication was not available in August 2024 for Virtual Branch enrollment for credit union clients who use the Portico core processing system, like Portland FCU.

10. Multi-factor authentication was not widely available for Virtual Branch enrollment for credit union clients who use the Portico core processing system until April 2025. Fiserv's introduction of multi-factor authentication for Virtual Branch enrollment on the Portico core processing system was not in response to Portland FCU's August 2024 service inquiry.

11. As detailed in my June 12, 2025, declaration, the enrollment process for the Virtual Branch online banking platform has never employed multi-factor authentication for credit unions who use the CUSA core processing system, like Cencap. The CUSA core processing system does not currently support such authentication processes, nor has it ever.

12. The online mobile banking application that Fiserv provides to Cencap under the Master Agreement is called Mobiliti, which operates similar to Virtual Branch. For enrollment, Mobiliti employs captcha, rate limitation, and a lock-out period, as described in Paragraphs 8–18 of my June 12, 2025, declaration.

13. Because Cencap uses the CUSA core processing system, the Mobiliti enrollment process does not employ multi-factor authentication, and it never has. Cencap can "disable" online enrollment through Virtual Branch and Mobiliti, such that Cencap members are required to contract the credit union by phone or visit the credit union's physical location to initiate and complete the enrollment process.

14. With respect to log-in attempts, Mobiliti provides similar protections to those Cencap receives for Virtual Branch, including the rate limitation and lockout control features described in Paragraphs 24–27 of my June 12, 2025, declaration. Mobiliti also assesses whether

a log-in attempt on Mobiliti is suspicious and, if so, notifies Virtual Branch to "challenge" the log-in attempt, which occurs via either a challenge question through Intelligent Authentication or a one-time password through SecureNow (depending on which product the credit union has purchased from Fiserv).

15. Additionally, the SecureNow product described in Paragraphs 28–31 of my June 12, 2025, declaration, which provides a robust risk assessment analysis and one-time passcodes, is available to Cencap for its members' use of Mobiliti. Cencap elected not purchase the SecureNow product, though it remains available.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17 day of June, 2025, in Frisco, TX.

DD

Debbie Dennis