UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENCAP FEDERAL CREDIT UNION, on behalf of itself and its members,<br><br>*Plaintiff,*<br><br>-against-<br><br>FISERV SOLUTIONS, LLC f/k/a FISERV SOLUTIONS, INC. and FISERV, INC.,<br><br>*Defendants.* | Case No.: 3:25-CV-00913-VDO |

# MEMORANDUM OF LAW IN SUPPORT OF CENCAP FEDERAL CREDIT UNION'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Charles J. Nerko (phv208748)
Brian D. Rich (ct24458)
Sarah A. O'Brien (*pro hac vice* to be filed)
Matthew J. Smith (phv208760)
Xun Chen (phv208749)
BARCLAY DAMON LLP
1270 Avenue of the Americas, 23rd Floor
New York, NY 10020
212.784.5800
cnerko@barclaydamon.com
brich@barclaydamon.com
sobrien@barclaydamon.com
msmith@barclaydamon.com
xchen@barclaydamon.com

*Attorneys for Plaintiff*
*Cencap Federal Credit Union,*
*on behalf of itself and its members*

**Oral Argument Requested**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

BACKGROUND ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

CONCLUSION ............................................................................................................................... 4

## **TABLE OF AUTHORITIES**

**Cases**

*Ace Am. Ins. Co. v. Keystone Constr. & Maint. Servs.*, 2012 U.S. Dist. LEXIS 138991,

   (D. Conn. 2012) ................................................................................................................ 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................... 1, 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 1, 2

*GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92 (2d Cir. 2019) ...................................... 2

*Salgado v. United States Liab. Ins. Co.*, 2024 U.S. Dist. LEXIS 122722 (D. Conn. 2024) ........... 2

*Shechter v. Comptroller of NYC,* 79 F.3d 265 (2d Cir. 1996) ....................................................... 3

*Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75 (D. Conn. 2015) ................................ 3

Plaintiff Cencap Federal Credit Union submits this memorandum of law pursuant to Local Rule 7(a)(1) and FRCP 12(f) in support of its motion to strike Fiserv's affirmative defenses.

## BACKGROUND

Cencap Federal is a federally chartered, not-for-profit credit union. This action arises from Fiserv's provision of online banking and technology services to Cencap Federal. Fiserv failed to implement basic cybersecurity measures required by the parties' contract and federal standards, exposing Cencap Federal's sensitive data to hackers. In addition to seeking restitution for payments made for services not properly performed, Cencap Federal seeks, among other relief, an injunction compelling Fiserv to secure Cencap Federal's data.

On June 6, 2025, Cencap Federal filed a motion for temporary restraining order, preliminary injunction, and expedited discovery. *See* Dkt. No. 3. On June 18, 2025, this Court granted the parties 60 days to conduct expedited discovery to support a renewed preliminary injunction motion by October 1, 2025. *See* Dkt. No. 56.

On July 21, 2025, Fiserv filed its Answer, asserting twenty-three affirmative defenses in a wholly conclusory manner—devoid of any factual allegations. *See* Answer, Dkt. No. 72.

Because these boilerplate defenses fail the *Twombly-Iqbal* plausibility standard and were sprung more than halfway through the expedited-discovery window—thereby prejudicing Cencap Federal and opening the door to an ambush at the forthcoming preliminary-injunction evidentiary hearing—they are insufficient as a matter of law and should be stricken.

Cencap Federal seeks to conserve judicial resources by consolidating and streamlining the evidentiary record to confine the preliminary-injunction evidentiary hearing, if possible, to a single day of testimony. Vague, boilerplate defenses subvert that goal: they thwart efforts to focus discovery on the narrow issues to be tried, threaten unfair surprise at the evidentiary hearing, and risk delay by necessitating additional rounds of discovery or testimony. Such tactics would

1

materially prejudice Cencap Federal's ability to present a concise, well-organized case at a single-day evidentiary hearing.

## ARGUMENT

Under FRCP 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Factually insufficient and legally invalid affirmative defenses should be stricken where their inclusion in the answer prejudices the plaintiff. *See GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019); *Salgado v. United States Liab. Ins. Co.*, 2024 U.S. Dist. LEXIS 122722 (D. Conn. 2024).

To survive a motion to strike, each affirmative defense must satisfy the *Twombly-Iqbal* plausibility standard. As the Second Circuit has explained, "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard is a 'context-specific' task." *GEOMC Co. v. Calmare Therapeutics Inc*, 918 F.3d at 98 *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under *Twombly*, "factual allegations must be enough to raise a right to relief above the speculative level, and assert [an affirmative defense] with enough heft to show entitlement to relief and enough facts to state a claim that is plausible on its face." *Ace Am. Ins. Co. v. Keystone Constr. & Maint. Servs.*, 2012 U.S. Dist. LEXIS 138991, at *10 (D. Conn. 2012). "Affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *Shechter v. Comptroller of NYC*, 79 F.3d 265, 270 (2d Cir. 1996). And where a defense is a "bald legal conclusion, devoid of any facts, [it] precludes plaintiff from properly tailoring [its] discovery and motion practice as the case progresses." *Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 80 (D. Conn. 2015).

Here, Fiserv has asserted twenty-three defenses in wholly conclusory terms, without a single factual allegation to render any of them plausible. For example, Fiserv's eighth affirmative defense—unclean hands—is nothing more than a bare legal conclusion, devoid of a single factual predicate. Fiserv identifies no misconduct by Cencap Federal to support this defense. Each and every other affirmative defense fails for the same foundational flaw: bare legal conclusions untethered to any facts.

By asserting affirmative defenses without any concrete factual allegations, Fiserv preserves the ability to contrive new misconduct theories at the last minute. This gives rise to ambush with late-breaking arguments or evidence that Cencap Federal cannot anticipate or address within a single day of testimony.

Allowing these boilerplate affirmative defenses to stand at this late stage is particularly prejudicial. Fiserv asserted them more than halfway through the parties' 60-day window to conduct expedited discovery prior to a renewed preliminary injunction motion and evidentiary hearing. *See* Dkt. No. 56. By cloaking its defenses in vagueness, Fiserv unfairly subverted Cencap Federal's ability to conduct the limited discovery necessary to refile its preliminary injunction motion, and sets the stage for unfair surprise and prejudice at the preliminary-injunction evidentiary hearing.

To honor FRCP 1's commitment to a "just, speedy, and inexpensive" resolution, and consistent with Cencap Federal's objective to confine the evidentiary hearing, if possible, to one day of testimony, the Court should eliminate any impediments to a streamlined record. Vague, boilerplate defenses do the opposite: they draw the parties and the Court into "phantom" issues, risk unfair surprise at a one-day evidentiary hearing, and threaten to balloon the scope of proceedings beyond what the expedited schedule contemplates. Allowing such unsupported and conclusory defenses to stand would not only burden the parties with unnecessary discovery

disputes, but also would also squander the Court's limited time. Striking these defenses now will focus discovery and the evidentiary hearing on the security failures at issue, conserve party and judicial resources, and ensure that the preliminary-injunction evidentiary hearing proceeds in a fair, efficient, and orderly manner.

## **CONCLUSION**

Because all twenty-three affirmative defenses are conclusory and unsupported by any factual predicate, they fail as a matter of law and prejudice Cencap Federal. Accordingly, Fiserv's affirmative defenses should be stricken.

Dated: July 24, 2025

Respectfully submitted,

BARCLAY DAMON LLP

By: ___*/s/ Charles J. Nerko*___
    Charles J. Nerko (phv208748)
    Brian D. Rich (ct24458)
    Sarah A. O'Brien (*pro hac vice* to be filed)
    Matthew J. Smith (phv208760)
    Xun Chen (phv208749)
1270 Avenue of the Americas, 23rd Floor
New York, NY 10020
212.784.5800
cnerko@barclaydamon.com
brich@barclaydamon.com
sobrien@barclaydamon.com
msmith@barclaydamon.com
xchen@barclaydamon.com

*Attorneys for Plaintiff*
*Cencap Federal Credit Union,*
*on behalf of itself and its members*