**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CENCAP FEDERAL CREDIT UNION,<br><br>      Plaintiff,<br><br>v.<br><br>FISERV SOLUTIONS, LLC f/k/a<br>FISERV SOLUTIONS, INC., and<br>FISERV, INC.,<br><br>      Defendants. | Case No. 3:25-CV-00913-VDO |

## DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants Fiserv Solutions, LLC (f/k/a Fiserv Solutions, Inc.) ("Fiserv Solutions") and Fiserv, Inc. (collectively, "Defendants"), by and through their attorneys, hereby answer the Original Complaint and Demand for Jury Trial of Cencap Federal Credit Union ("Cencap") and assert their affirmative defenses as follows:

1.      Deny the allegations of Paragraph 1.

2.      Admit that Fiserv Solutions is a leader in financial institution technology committed to data security; except as so stated, deny the allegations of Paragraph 2.

3.      Admit that Defendants were sued by other financial institution customers in 2019 and 2022; except as so stated, deny the allegations of Paragraph 3, specifically denying that the allegations made in those lawsuits had any merit.

4.      Admit that a copy of an article from the Wall Street Journal is attached to the Original Complaint as Exhibit 1; state that the contents of Exhibit 1 speak for themselves; except as so stated, deny the allegations of Paragraph 4, specifically denying that Defendants have engaged in any misconduct.

5.    Deny the allegations in the first sentence of Paragraph 5; admit that the Virtual Branch product, when used on a CUSA core processing system, does not employ multi-factor authentication at log-in or enrollment; except as so stated, deny the allegations of Paragraph 5, including the allegations of subparagraphs (a) through (c).

6.    State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Cencap's allegations with respect to what Cencap's lawsuit seeks and, therefore, deny the allegations; except as so stated, deny the allegations of Paragraph 6, specifically denying that Cencap is entitled to declaratory or any other relief.

7.    On information and belief, admit the allegations of Paragraph 7.

8.    State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Cencap's allegations as to the number of members that Cencap had at the time of the Original Complaint or presently, and, therefore, deny the allegations; except as so stated, deny the allegations of Paragraph 8, specifically denying that Cencap may assert the claims of its members under the doctrine of "associational standing" or any other doctrine.

9.    Deny that Defendant Fiserv Solutions, LLC is a limited liability corporation and admit that Defendant Fiserv Solutions, LLC is a limited liability company; except as so stated, admit the allegations of Paragraph 9.

10.    Admit the allegations of Paragraph 10.

11.    State that the allegations of Paragraph 11 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

12.    State that the allegations of Paragraph 12 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

13. State that the allegations of Paragraph 13 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

14. Admit that Cencap is a credit union; on information and belief, further admit that Cencap offers a range of financial products and services, including savings and checking accounts, loans, and online banking tools; except as so stated, state that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 and, therefore, deny the allegations.

15. Admit that Fiserv Solutions provides account processing and other technology solutions to financial institutions in the United States; state that the contents of Defendants' website speak for themselves; except as so stated, deny the allegations of Paragraph 15.

16. Admit that Fiserv Solutions has provided account processing services for Cencap and that the services that Fiserv Solutions provided to Cencap included services related to teller terminals and account record maintenance; except as so stated, deny the allegations of Paragraph 16.

17. Admit that Fiserv Solutions provided online banking services to Cencap though its "Virtual Branch" product; except as so stated, deny the allegations of Paragraph 17.

18. Admit that Fiserv Solutions provided Cencap its "Client360 portal," which enables employees of Fiserv Solutions' enterprise and institutional customers, including Cencap, to create service tickets regarding technical issues with Fiserv Solutions' products and work with Fiserv Solutions to resolve those issues; except as so stated, deny the allegations of Paragraph 18.

19.     State that the terms of Defendants' Code of Conduct & Business Ethics speak for themselves; except as so stated, deny the allegations of Paragraph 19, specifically denying that Defendants have failed to fulfill any of their responsibilities.

20.     Admit that Fiserv Solutions, Inc. (now known as Fiserv Solutions, LLC) and Cencap entered into that certain Master Agreement and related addenda, schedules, exhibits and appendices, dated as of February 29, 2016 (the "Master Agreement"), and that an unexecuted and incomplete copy of the Master Agreement, which copy omits certain addenda, schedules, exhibits, and appendices, is attached as Exhibit 2 to the Original Complaint; except as so stated, deny the allegations of Paragraph 20, specifically denying that a "true and correct copy of" the executed Master Agreement is attached as Exhibit 2 to the Original Complaint.

21.     State that the Master Agreement speaks for itself; except as so stated, deny the allegations of Paragraph 21, specifically denying that Defendants made any misrepresentations.

22.     State that the terms of Fiserv, Inc.'s Privacy Notice speak for themselves; except as so stated, deny the allegations of Paragraph 22.

23.     Deny the allegations of Paragraph 23.

24.     Deny the allegations of Paragraph 24.

25.     State that Cencap's Exhibit 3 does not on its face appear to be a "true and correct copy of SecurityScorecard's analysis of Fiserv"; further state that Exhibit 3 speaks for itself; except as so stated, deny the allegations of Paragraph 25.

26.     State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26 and, therefore, deny the allegations.

4

27. Deny the allegations contained in the first two sentences of Paragraph 27 that Defendants consistently neglected cybersecurity fundamentals and delayed critical software patches, used obsolete systems, employed weak encryption protocols, and permitted vulnerabilities easily exploited by hackers; except as so stated, state that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of what Cencap contends that SecurityScorecard allegedly "uncovered," and, therefore deny the remaining allegations of Paragraph 27, including the allegations of subparagraphs (a) through (m).

28. Deny the allegations of Paragraph 28.

29. State that the contents of the referenced websites speak for themselves; except as so stated, deny the allegations of Paragraph 29.

30. State that the contents of the referenced article speak for themselves; except as so stated, deny the allegations of Paragraph 30.

31. Deny the allegations of Paragraph 31.

32. State that the contents of Ms. Cave's public statements in full speak for themselves; except as so stated, deny the allegations of Paragraph 32.

33. State that the contents of the referenced post and Fiserv's Code of Conduct & Business Ethics speak for themselves; except as so stated, deny the allegations of Paragraph 33.

34. Admit that Fiserv Solutions provided online banking services to Cencap through its "Virtual Branch" product; except as so stated, deny the allegations of Paragraph 34.

35. Admit that Cencap members with existing accounts can register for online banking through Virtual Branch with their account number, social security number, and street address number; except as so stated, deny the allegations of Paragraph 35.

36. Deny the allegations of Paragraph 36.

37.     State that the Master Agreement speaks for itself; except as so stated, deny the allegations of Paragraph 37.

38.     Admit that in or around 2022, the U.S. Court House SDNY Federal Credit Union filed a lawsuit against Defendants through the same counsel representing Cencap in this action; except as so stated, deny the allegations of Paragraph 38.

39.     Admit that Bessemer System Federal Credit Union filed a lawsuit against Defendants through the same counsel representing Cencap in this action; except as so stated, deny the allegations of Paragraph 39.

40.     Admit that the Client360 portal is used to submit service requests to Fiserv Solutions to address technical issues; except as so stated, deny the allegations of Paragraph 40, specifically denying that Cencap's sensitive information is exposed through the Client360 portal.

41.     Deny the allegations of Paragraph 41.

42.     State that the contents of the "Client360 User Guide" and "Client360 Admin Guide" speak for themselves; except as so stated, deny the allegations of Paragraph 42.

43.     State that the contents of the referenced article speak for themselves; except as so stated, deny the allegations of Paragraph 43.

44.     State that the contents of Defendants' responsive pleadings in past litigation speak for themselves; except as so stated, deny the allegations of Paragraph 44, specifically denying that Virtual Branch does not impose rate limitation.

45.     State that Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 45, and, therefore, deny the allegations; deny the remaining allegations of Paragraph 45, including the allegations of subparagraphs (a) through (f).

46.     State that the contents of Fiserv, Inc.'s SEC Form 10-K speak for themselves; except as so stated, deny the allegations of Paragraph 46.

47.     Deny the allegations of Paragraph 47.

48.     Admit that Defendants brought counterclaims against Bessemer System Federal Credit Union in past litigation; except as so stated, deny the allegations of Paragraph 48.

49.     Deny the allegations of Paragraph 49.

50.     State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Cencap's allegations with respect to its "interest" and, therefore, deny the allegations.

51.     Deny the allegations of Paragraph 51.

52.     Deny the allegations of Paragraph 52.

53.     Admit that multi-factor authentication is absent when Cencap members first enroll in the Virtual Branch product offered by Fiserv Solutions to Cencap; except as so stated, deny the allegations of Paragraph 53.

54.     State that the contents of the referenced websites speak for themselves; except as so stated, deny the allegations of Paragraph 54.

55.     Deny the allegations of Paragraph 55.

56.     Deny the allegations of Paragraph 56.

57.     State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 57 and, therefore, deny the allegations.

58. State that the contents of the referenced report speak for themselves; except as so stated, state that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 58 and, therefore, deny the allegations.

59. State that the contents of the referenced report speak for themselves; except as so stated, deny the allegations of Paragraph 59.

60. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 60 and, therefore, deny the allegations.

61. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 61 and, therefore, deny the allegations.

62. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 62 and, therefore, deny the allegations.

63. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 63 and, therefore, deny the allegations.

64. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 64 and, therefore, deny the allegations.

65. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 65 and, therefore, deny the allegations.

66.     Admit that Exhibit 4 to the Original Complaint is a true and correct copy of Cencap counsel's May 28, 2025 letter to Defendants; state that the contents of Exhibit 4 speak for themselves; except as so stated, deny the allegations of Paragraph 66.

67.     Admit that Exhibit 5 to the Original Complaint is a true and correct copy of Defendants' counsel's May 30, 2025 letter to Cencap; state that the contents of Exhibit 5 speak for themselves; except as so stated, deny the allegations of Paragraph 67.

68.     Deny the allegations of Paragraph 68.

69.     Deny the allegations of Paragraph 69.

70.     Deny the allegations of Paragraph 70.

71.     State that the allegations as to Defendants' alleged "obligations" state a legal conclusion as to which no response is required and, therefore, deny the allegations; except as so stated, deny the allegations of Paragraph 71.

72.     Deny the allegations of Paragraph 72.

73.     Deny the allegations of Paragraph 73.

74.     Deny the allegations of Paragraph 74.

75.     Deny the allegations of Paragraph 75.

76.     Deny the allegations of Paragraph 76.

77.     Deny the allegations of Paragraph 77.

78.     Deny the allegations of Paragraph 78.

79.     State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Cencap "exercised reasonable diligence" and, therefore, deny the allegations; further state that the allegations contained in Footnote 3 to

Paragraph 79 assert a legal conclusion as to which no response is required and, therefore, deny the allegations; except as so stated, deny the allegations of Paragraph 79.

80.    State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 80 as to Cencap's own awareness, and, therefore, deny the allegations; deny the remaining allegations of Paragraph 80.

81.    State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 81 as to what Cencap suspected, and, therefore, deny the allegations; deny the remaining allegations of Paragraph 81.

82.    Deny the allegations of Paragraph 82.

83.    Deny the allegations of Paragraph 83.

84.    Deny the allegations of Paragraph 84.

85.    Deny the allegations of Paragraph 85.

86.    Deny the allegations of Paragraph 86.

87.    Deny the allegations of Paragraph 87.

88.    Deny the allegations of Paragraph 88.

89.    State that the Master Agreement speaks for itself; further state that the allegations of Paragraph 89 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

90.    State that the allegations of Paragraph 90 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

91.    Defendants incorporate their responses to the allegations of Paragraphs 1 through 90 as though fully set forth herein.

92.    Admit that the Master Agreement is a binding agreement enforceable in accordance with its terms that speak for themselves; except as so stated, state that the allegations of Paragraph 92 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

93.    State that the Master Agreement speaks for itself; further state that the allegations of Paragraph 93 state a legal conclusion as to which no response is required and, therefore, deny the allegations; deny that Fiserv Solutions breached any obligations to Cencap, including but not limited to any implied duty of good faith and fair dealing; deny the remaining allegations of Paragraph 93.

94.    Deny the allegations of Paragraph 94.

95.    Deny the allegations of Paragraph 95, including the allegations of subparagraphs (a) through (l).

96.    Deny the allegations of Paragraph 96.

97.    Deny the allegations of Paragraph 97.

98.    Defendants incorporate their responses to the allegations of Paragraphs 1 through 97 as though fully set forth herein.

99.    State that the terms of Fiserv, Inc.'s Privacy Notice speak for themselves; except as so stated, deny the allegations of Paragraph 99.

100.    State that the terms of Fiserv, Inc.'s Privacy Notice speak for themselves; except as so stated, deny the allegations of Paragraph 100.

101.    Deny the allegations of Paragraph 101.

102.    Deny the allegations of Paragraph 102.

103.    Deny the allegations of Paragraph 103.

104. Defendants incorporate their responses to the allegations of Paragraphs 1 through 103 as though fully set forth herein.

105. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Cencap's allegations that it owns or holds certain trade secrets and, therefore, deny the allegations; deny that any of the data or information in custody, possession or control of Defendants in connection with the services that Fiserv Solutions provided to Cencap constitute trade secrets; except as so stated, deny the allegations of Paragraph 105.

106. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 106 and, therefore, deny the allegations.

107. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 107 and, therefore, deny the allegations.

108. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 108 and, therefore, deny the allegations.

109. Deny the allegations of Paragraph 109.

110. Deny the allegations of Paragraph 110.

111. Deny the allegations of Paragraph 111.

112. Deny the allegations of Paragraph 112.

113. Deny the allegations of Paragraph 113.

114. Deny the allegations of Paragraph 114.

115. Deny the allegations of Paragraph 115.

116.    Deny the allegations of Paragraph 116.

117.    Deny the allegations of Paragraph 117.

118.    Defendants incorporate their responses to the allegations of Paragraphs 1 through 117 as though fully set forth herein.

119.    State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 119 and, therefore, deny the allegations.

120.    Deny the allegations of Paragraph 120.

121.    Deny the allegations of Paragraph 121.

122.    Deny the allegations of Paragraph 122.

123.    Defendants incorporate their responses to the allegations of Paragraphs 1 through 122 as though fully set forth herein.

124.    State that the allegations of Paragraph 124 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

125.    State that the allegations of Paragraph 125 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

126.    State that the allegations of Paragraph 126 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

127.    State that the allegations of Paragraph 127 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

128.    State that the allegations of Paragraph 128 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

129. State that the allegations of Paragraph 129 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

130. Deny the allegations of Paragraph 130.

131. Deny the allegations of Paragraph 131.

132. Deny the allegations of Paragraph 132.

133. Deny the allegations of Paragraph 133, including the allegations of subparagraphs (a) through (d).

134. Deny the allegations of Paragraph 134.

135. Defendants incorporate their responses to the allegations of Paragraphs 1 through 134 as though fully set forth herein.

136. Deny the allegations of Paragraph 136.

137. State that the terms of Fiserv, Inc.'s Privacy Notice speak for themselves; except as so stated, deny the allegations of Paragraph 137.

138. State that the terms of Fiserv, Inc.'s Privacy Notice speak for themselves; except as so stated, deny the allegations of Paragraph 138.

139. Deny the allegations of Paragraph 139.

140. State that the terms of the Master Agreement speak for themselves; except as so stated, deny the allegations of Paragraph 140.

141. Deny the allegations of Paragraph 141.

142. Admit that counsel for Cencap sent a demand letter to Defendants on May 28, 2025; state that the contents of Exhibit 4 to the Original Complaint speak for themselves; except as so stated, deny the allegations of Paragraph 142.

143. Deny the allegations of Paragraph 143.

144.    Deny the allegations of Paragraph 144.

145.    Deny the allegations of Paragraph 145.

146.    Deny the allegations of Paragraph 146.

147.    Deny the allegations of Paragraph 147.

148.    Deny the allegations of Paragraph 148.

149.    Defendants incorporate their responses to the allegations of Paragraphs 1 through 148 as though fully set forth herein.

150.    State that the allegations of Paragraph 150 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

151.    State that the allegations of Paragraph 151 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

152.    State that the allegations of Paragraph 152 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

153.    State that the allegations of Paragraph 153 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

154.    State that the allegations of Paragraph 154 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

155.    Deny the allegations of Paragraph 155.

156.    Deny the allegations of Paragraph 156.

157.    Deny the allegations of Paragraph 157.

158.    Defendants incorporate their responses to the allegations of Paragraphs 1 through 157 as though fully set forth herein.

159. State that the allegations of Paragraph 159 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

160. State that the allegations of Paragraph 160 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

161. State that the allegations of Paragraph 161 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

162. State that the allegations of Paragraph 162 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

163. Deny the allegations of Paragraph 163.

164. Deny the allegations of Paragraph 164.

165. Deny the allegations of Paragraph 165.

166. Defendants incorporate their responses to the allegations of Paragraphs 1 through 165 as though fully set forth herein.

167. Deny the allegations of Paragraph 167.

168. Deny the allegations of Paragraph 168.

169. Deny the allegations of Paragraph 169.

170. Deny the allegations of Paragraph 170.

171. Deny the allegations of Paragraph 171.

172. Defendants incorporate their responses to the allegations of Paragraphs 1 through 171 as though fully set forth herein.

173. Deny the allegations of Paragraph 173.

174. Deny the allegations of Paragraph 174.

175. Deny the allegations of Paragraph 175.

176.    Deny the allegations of Paragraph 176, including the allegations of subparagraphs (a) through (d).

177.    Defendants incorporate their responses to the allegations of Paragraphs 1 through 176 as though fully set forth herein.

178.    Deny the allegations of Paragraph 178.

179.    Deny the allegations of Paragraph 179.

180.    Deny the allegations of Paragraph 180.

181.    Deny the allegations of Paragraph 181.

182.    Defendants incorporate their responses to the allegations of Paragraphs 1 through 181 as though fully set forth herein.

183.    Deny the allegations of Paragraph 183.

184.    Deny the allegations of Paragraph 184.

## ANSWER TO DEMAND FOR JURY TRIAL

Defendants deny that Cencap is entitled to a trial by jury on any of the claims set forth in its Original Complaint based on the parties' clear and unequivocal jury-trial waiver.

## ANSWER TO DEMAND FOR RELIEF

The allegations contained in the portion of the Original Complaint titled "Demand for Relief" state Cencap's request for relief to which no response is required and Defendants therefore deny; deny all remaining allegations of Cencap's "Request for Relief" and deny that Cencap is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof or persuasion otherwise resting on Cencap, for their affirmative defenses, Defendants hereby incorporate by reference their responses to the allegations of Paragraphs 1 through 184 as though fully set forth herein and allege as follows:

## FIRST AFFIRMATIVE DEFENSE

The Original Complaint, and each count thereof, fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Fiserv, Inc. has no contractual or other relationship with Cencap and is not a proper party to this action. Fiserv, Inc. is not a signatory to the Master Agreement and has not engaged in any business dealings with Cencap. The services provided to Cencap were exclusively through Fiserv Solutions, LLC, and there is no allegation or evidence of any direct involvement or contractual obligations by Fiserv, Inc. with respect to Cencap's relationship with Fiserv Solutions, LLC under the Master Agreement. Fiserv, Inc.'s Privacy Notice is not a contract between Fiserv, Inc. and Cencap.

## THIRD AFFIRMATIVE DEFENSE

Cencap's claims are barred, in whole or in part, by the applicable statute of limitations because the purported security issues alleged in the Original Complaint have existed since at least 2016, yet Cencap did not take legal action or demand action for more than nine years, despite long-standing knowledge of or access to these systems and their features, barring claims arising from any alleged conduct prior to at least June 5, 2019, for Cencap's claims sounding in breach of contract, and at least June 5, 2022, for Cencap's tort and misappropriation claims. The applicable statutes of limitations may include but are not limited to, N.Y. C.P.L.R. §§ 213, 214;

18

18 U.S.C. § 1836(d); and Conn. Gen. Stat. §§ 35-56, 52-577, 52-584. Cencap further acknowledges in the Original Complaint that its claims may be barred by the applicable statute of limitations and its allegations that such periods have been tolled are conclusory and without merit. (Dkt. 1 ¶¶ 79–90.)

### FOURTH AFFIRMATIVE DEFENSE

Cencap's claims are barred, in whole or in part, by the applicable contractual limitations period set forth in Section 7 of the Master Agreement because the purported security issues alleged in the Original Complaint have existed since at least 2016, yet Cencap did not take legal action or demand action for more than nine years, despite long-standing knowledge of or access to these systems and their features, barring claims arising from any alleged conduct prior to at least June 5, 2023. Cencap further acknowledges in the Original Complaint that its claims may be barred by the applicable contract limitations period and its allegations that such period has been tolled are conclusory and without merit. (Dkt. 1 ¶¶ 79–90.)

### FIFTH AFFIRMATIVE DEFENSE

Cencap's claims are barred, in whole or in part, by the Master Agreement, including, but not limited to, Sections 4, 6, 7, 9, 10, and 12 of the Master Agreement, and Sections 3, 4, and 7(b) of the ASP Services Exhibit to Master Agreement, and the Digital Online Banking Services Schedule to ASP Services Exhibit, which collectively limit Cencap's remedies and bar claims inconsistent with the contract's terms.

### SIXTH AFFIRMATIVE DEFENSE

Cencap's claims are barred, in whole or in part, by the economic loss doctrine and/or the gist of the action doctrine because Cencap's alleged damages are purely economic and arise, if at all, entirely from a contractual relationship, not from any independent tort duty. Each

of Cencap's tort, equitable and statutory claims are restatements of Cencap's breach of contract claim and fail to allege any separate duty owed to Cencap or breached by Defendants.

<strong><u>SEVENTH AFFIRMATIVE DEFENSE</u></strong>

Cencap's claims are barred, in whole or in part, by the doctrine of assumption of risk because Cencap was aware of any alleged potential security risk and chose to proceed despite knowledge of these alleged risks, and because Cencap chose not to implement additional security features before or after the Original Complaint was filed.

<strong><u>EIGHTH AFFIRMATIVE DEFENSE</u></strong>

Cencap's claims are barred, in whole or in part, by the doctrine of waiver because the purported security issues alleged in the Original Complaint have existed since at least 2016, yet Cencap did not take legal action or demand action for more than nine years, despite long-standing knowledge or access to these systems and their features.  Cencap also expressly waived, in whole or in part, the claims alleged and damages sought in the Original Complaint by accepting the terms of the Master Agreement and continuing to accept and pay for the products and services provided by Fiserv Solutions under the Master Agreement.

<strong><u>NINTH AFFIRMATIVE DEFENSE</u></strong>

Cencap's claims are barred, in whole or in part, by the doctrine of unclean hands because, after years of operating without complaint, Cencap initiated this action without first engaging in the mandatory dispute resolution process under the Master Agreement, publicly disseminated inaccurate claims about Fiserv Solutions' security measures, and provided the public with detailed information regarding how to attempt to gain access to Cencap's member accounts, all with the goal of creating leverage to renegotiate terms of the Master Agreement unrelated to any purported security concern.

20

## TENTH AFFIRMATIVE DEFENSE

Upon information and belief, Cencap has failed to mitigate any actual damages it alleges to have incurred.  Among other things, Cencap was aware of the operating features of Virtual Branch and Client360 for years, did not at any time before May 29, 2025, notify Fiserv Solutions of any alleged security deficiency or request available product enhancements or security settings on these products and services (such as disabling remote enrollment or electing to receive SecureNow), and failed to act promptly to limit its alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Cencap has not alleged or sustained any actual damages which were caused by the Defendants or for which the Defendants are liable. Instead, any alleged or sustained damages resulted from conduct of third parties or Cencap itself, including decisions regarding management of its own systems and failure to timely act upon available security features, and interference or acts of third parties for which Defendants are not responsible.  Further, Cencap has not alleged or provided evidence of any damages incurred by Cencap during the entire course of the parties' relationship.

## TWELFTH AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith and with clean hands by providing all contracted services and products in the Master Agreement, including regular updates and enhancements, and by promptly addressing concerns raised by Cencap through the duration of the parties' contractual relationship.

## THIRTEENTH AFFIRMATIVE DEFENSE

All or portions of any harm allegedly suffered by Cencap are attributable to causes other than any alleged conduct, acts or omissions of the Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

The conduct of the Defendants that Cencap complains of was not the proximate cause of Cencap's alleged losses.

## FIFTEENTH AFFIRMATIVE DEFENSE

Cencap's claims are barred, in whole or in part, because the Defendants owed no duty to Cencap.

## SIXTEENTH AFFIRMATIVE DEFENSE

Cencap's claims are barred, in whole or in part, by the doctrine of estoppel because Cencap accepted the terms and conditions of the Master Agreement, including the limitations on liability, and cannot now claim damages for issues it agreed to assume responsibility for, including responsibility for ensuring that the products and services Cencap received under the Master Agreement satisfied Cencap's operational, security, and regulatory requirements.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of Cencap's claims are barred, in whole or in part, by the doctrine of laches because of Cencap's unreasonable delay in bringing its claims, despite Cencap's long-standing knowledge or access to the products and services it received under the Master Agreement since at least 2016 along with any alleged issue with such products and services, thereby prejudicing the Defendants' ability to defend against these claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Cencap's claims for punitive damages are waived in, and are barred by, Section 7 of the Master Agreement.

22

## NINETEENTH AFFIRMATIVE DEFENSE

Cencap's claims for punitive damages fail because Defendants did not act with malice or reckless indifference to Cencap's rights, or engage in willful, deliberate, malicious, wanton or outrageous conduct.  Cencap's claims for punitive damages are limited and/or barred by the Constitution of the State of Connecticut, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution, and by the laws of the United States and Connecticut.

## TWENTIETH AFFIRMATIVE DEFENSE

Cencap's claims for injunctive relief fail because any harm allegedly suffered by Cencap can be adequately remedied at law, as Cencap has not plausibly alleged an actual or imminent threat of harm, and Cencap's delay in seeking relief, as well as its lack of injury, precludes finding that Cencap will face irreparable harm absent injunctive relief.  Cencap's claims for injunctive relief are limited and/or barred by the Constitution of the State of Connecticut, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution, and by the laws of the United States and Connecticut.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Cencap's claims are barred because Cencap lacks standing, including associational standing, to assert the claims in the Original Complaint. Cencap has not demonstrated a direct injury or a sufficient connection to the alleged harm, as the claims asserted primarily concern potential risks rather than actual damages suffered by Cencap or its members, and Cencap does not have standing to assert claims for speculative harm on behalf of itself or its members, with whom Defendants have no contractual or other relationship.  Cencap's members have not suffered any cognizable harm and, even if they had, such harm would not be recoverable by Cencap.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this Answer to assert such other affirmative defenses as may become apparent through discovery or otherwise.

**WHEREFORE**, Fiserv Solutions, LLC and Fiserv, Inc., demand judgment as follows:

(a) Dismissing Cencap's Original Complaint on its merits and with prejudice;

(b) Awarding Defendants all attorneys' fees, expenses and costs incurred in defending this action; and

(c) Awarding such other and further relief as this Court deems just and equitable.

Dated: August 7, 2025

/s/ *Andrew J. Wronski*
Todd R. Michaelis, Esq. (ct28821)
Carmody Torrance Sandak & Hennessey LLP
50 Leavenworth Street
Waterbury, CT  06721-1110
Telephone: (203) 573-1200
Facsimile: (203) 575-2600
tmichaelis@carmodylaw.com

Andrew J. Wronski (admitted *pro hac vice*)
Max B. Chester (admitted *pro hac vice*)
Timothy J. Patterson (admitted *pro hac vice*)
Jesse Byam-Katzman (admitted *pro hac vice*)
Grace E. Stippich (admitted *pro hac vice*)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900
awronski@foley.com
mchester@foley.com
tjpatterson@foley.com
jbyam-katzman@foley.com
gstippich@foley.com

*Counsel for Fiserv Solutions, LLC and Fiserv, Inc.*

24

25

**CERTIFICATE OF SERVICE**

I, Andrew J. Wronski, hereby certify that a copy of the foregoing First Amended Answer and Affirmative Defenses to Original Complaint was served on the following counsel of record for Plaintiff via the CM/ECF system this 7th day of August, 2025.

Charles J. Nerko
Brian D. Rich
Matthew J. Smith
Xun Chen
Barclay Damon LLP
1270 Avenue of the Americas, Ste. 501
New York, NY  10020
cnerko@barclaydamon.com
brich@barclaydamon.com
msmith@barclaydamon.com
xchen@barclaydamon.com

*/s/ Andrew J. Wronski*
Andrew J. Wronski